# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| **LARRY D. STORIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **1:07-cv-0022-SEB-JPG** |
| **vs.** | ) | |
| | ) | |
| **RANDY'S AUTO SALES, LLC and** | ) | |
| **WESTSIDE AUTOPARTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON DEFENDANT RANDY'S AUTO SALES MOTION TO DISMISS

This matter is before the court on a motion to dismiss filed by Defendant, Randy's Auto Sales, LLC ("Randy's"), which asserts a lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b), and a failure to plead fraud with specificity, as required by Fed. R. Civ. P. 9(b).

### *Amount in Controversy*

Our first obligation is to assure that subject matter jurisdiction exists, so any contention to the contrary requires our initial review.  *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004).  Randy's claims that the amount in controversy is insufficient to support diversity jurisdiction.  There must be $75,000.00 at stake, exclusive of costs and interest.  28 U.S.C. § 1332(a).  However, in making this assessment, punitive damages may be taken into account.  *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir.

2000).  Generally, plaintiffs are given the benefit of the doubt by a court when evaluating the potential monetary value of the claim at issue.  *Clark v. State Farm Mut. Auto Ins. Co.,* 473 F.3d 708, 709 (7th Cir. 2007).

At the heart of this lawsuit is the purchase by Plaintiff, Larry Storie, of a long haul tractor  which had previously been involved in a significant one vehicle accident, which resulted in the death of the driver.  The vehicle was repaired and sold a number of times without the title ever identifying the tractor as salvage.  Storie bought the vehicle from Duckett Truck Center, a defendant in nearly identical litigation brought by Plaintiff in Missouri, for the purchase price of $89,500.  Duckett had performed repairs on the vehicle after purchasing it from West Side Autoparts, Inc., another defendant in this case. West Side had bought the vehicle from Randy's.  Randy's had bought both the tractor and its load from St. Paul Insurance Company for $10,500, shortly after the single vehicle accident occurred in which the load on the tractor/trailer came loose and vaulted forward into the cab, causing extensive damage and killing the driver. St. Paul is a defendant in the case pending in Missouri.

According to Randy's, "$21,500 is the largest amount possible for reduction in the value of the vehicle under contract law."  However, neither of the two counts brought by the Plaintiff sounds in contract.[1]  Count I alleges a statutory violation and Count II asserts

---

[1]We note in passing our skepticism that, even under contract law, the damages would be capped at $21,500.00.

Randy's failure to apply for a salvage title as fraudulent conduct.  If Storie prevails on

Count I, he argues that he would be entitled to actual damages, costs and attorney's fees

and that the court, in its discretion, could multiply that award up to three times to cover

punitive damages.  Ind. Code § 9-22-3-36.  Assuming Storie prevails on all of his claims,

it is certainly not inconceivable that a trebled damages award could equal or exceed

$75,000.

As indicated previously, punitive damages may properly be considered in

determining whether the amount at issue meets the $75,000 threshold.  Nevertheless,

Randy's argues that the 2006 amendment to Ind. Code § 9-22-3-11, which reduced a

violation of the salvage title requirements from being a misdemeanor to an infraction

necessarily impacts our analysis here because "statutory punitive damages generally do

not apply where no crime was committed."  Randy's offers us no legal support for this

contention, particularly nothing that would trump the explicit terms of Ind. Code § 9-22-

3-6, which statute remains in effect and provides that a violation of the chapter can result

in treble damages.

Randy's also contends that the Indiana Code chapter dealing with the requirements

for  obtaining  salvage titles applies only to the insurance industry, not to dealers.  More

specifically, in its brief, Randy's argues that even though the statutory scheme is clearly

aimed at the insurance industry, "the law tries to say that the statute ... should also apply

to 'any other person'," but in its view that "simply does not make any sense."  Putting

aside Randy's attempt to divine what "the law tries to say" and its insistence that the statute means something other than what it clearly states, there is no question that the statute indicates that under certain circumstances persons in addition to insurers are also obligated to pursue a salvage title. No special "carve out" for vehicle dealers is contained in the statute, as Randy's claims. Randy's contention that such an interpretation does not make sense in light of the overall purpose of the statutory scheme, according to Randy's interpretation, is an argument better made to the Indiana legislature than to this federal court. Ind. Code § 9-22-3-11(e), as written, clearly applies to any person acquiring such a vehicle. We concede that a knowledge requirement with respect to the scope of the damage may be properly inferred, but that issue is not before us at this stage of the litigation, when we examine only the allegations and do not search for or scrutinize corroborative evidence. *Centers v. Centennial Mortg., Inc.,* 398 F.3d 930, 933 (7th Cir. 2005). Randy's argument has more to do with whether a claim has been adequately pled than whether we have subject matter jurisdiction. Thus, we conclude that, Storie has pled Count I sufficiently to satisfy the minimum amount in controversy requirement and thus to establish diversity jurisdiction.

### *Failure to State a Claim*

Randy's numerous arguments challenging the viability of Count I would be more properly asserted at the summary judgment stage. The standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim is not stringent. Under federal

notice pleading, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  And, as the Supreme Court recently held, a complaint under attack in a Rule 12(b)(6) motion, though it need not contain detailed factual allegations, must still go beyond mere labels and formulaic recitations of the elements of a cause of action to survive.  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007).  The facts alleged in a complaint are assumed to be true, in terms of a Rule 12(b)(6) analysis, but they must when considered as a whole raise more than a speculative right to relief. Id. at 1965. Arguably, T*wombly* suggests a change from the longstanding principle articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint survives a dismissal motion unless the moving party establishes that the plaintiff can prove "no set of facts" which would entitle him to relief, to a new and broader rule.  Even if that is *Twombly's* effect, mere speculative assertions concerning the possibility of recovery in a complaint can not carry the day.  A plaintiff is not required to plead a trail of specific facts in support of each asserted theory of liability to survive a 12(b)(6) motion to dismiss.

Randy's claim that it did not "acquire" the vehicle, as that term has been interpreted by the courts, requires factual development beyond the pleadings and necessarily will involve addressing evidence as to the circumstances surrounding the transfer of the vehicle's title to Randy's.  Similarly, whether Randy's acted in reliance on the insurance company's representations and the title it held when Randy's purchased the

vehicle are issues of fact not suitable for resolution at this time.  Such arguments by

Randy's in the pending motion depend upon the evidence established and weighed with

respect to the title transfer process, which are tasks that must be left leave to a jury to

decide.  At this stage, we hold that the pleadings are adequate to allow the claim of a

statutory violation to proceed.

### *Fraudulent Omission*

Next we review Randy's assertion that Count II  is insufficiently pled under Fed.

R. Civ. P. 9(b).  Though we acknowledge that Count II may not be the most artfully pled

of fraud claims, given that certain paragraphs, for example, sound more in negligence

than in fraud, we conclude that overall it passes muster under the federal rules.

Generally, what Rule 9(b) requires is particularity in the pleading of a fraud claim in a

fashion that is similar to that which is expected from the first paragraph of a  good

newspaper story.  *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir.1998)

(quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)).  The who, what,

when, where and how of the alleged fraud must be set out somewhere in the complaint.

*Id.*  However, with a claim of fraudulent omission, not all of those factors apply because

the wrong complained of does not involve a specific allegedly false statement.

In this case, the complaint clearly alleges the "who" and "what."  Randy's failed to

apply for a salvage title,  leaving subsequent purchasers (such as the Plaintiff) to

reasonably infer that the vehicle had not incurred the type of damage which would have triggered an obligation to acquire such a title.  The "when" in terms of Randy's failure to act refers to the entire period of time which Randy's was the rightful owner of the vehicle.  The "where" element under these circumstances is satisfied by the pleadings in that the complaint alleges that Randy's was an Indiana limited liability company, which purchased the vehicle and its load from the insurance company, while it was in Indiana, and later sold the tractor without a salvage title.  The "how" is sufficiently explained insofar as the fraud was allegedly perpetrated by Randy's failure to seek a salvage title that, according to Plaintiff, Randy's was required to secure and assuming the statutory damage limits were also met.

### *Conclusion*

Plaintiff's complaint arguably may be a "stretch" in terms of its attempt to hold Randy's responsible for its failure to obtain or pursue a salvage title during the time period it owned the vehicle; it nonetheless survives dismissal at this early stage of these proceedings.  The bottom line is this - if it can be proven that Randy's knew that the wrecked vehicle it had purchased had been damaged to the point that it held less than 31% of its previous value and that Randy's did not seek an Indiana salvage title, Randy's faces potential liability.  Knowledge and intent will be key elements in resolving this dispute, and neither can be determined by the Court on a pretrial motion to dismiss.

Accordingly, Defendant Randy's Auto Sales, LLC's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) **(Doc. #19)** is DENIED.

Date:  12/17/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Jonathan E. Palmer**
CREMER BURROUGHS & CREMER
cmb@indylaw.com,jpalmer@indylaw.com

**Mitchell B. Stoddard**
CONSUMER LAW ADVOCATES
mbs@clalaw.com

**Larry F. Whitham**
WHITHAM HEBENSTREIT & ZUBEK LLP
lfw@whzlaw.com,lshirst@whzlaw.com