UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY D. STORIE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:07-cv-22-WTL-DML |
| | ) |
| RANDY'S AUTO SALES, LLC, et al., | ) |
| | ) |
|   Defendants, | ) |
| | ) |
|     vs. | ) |
| | ) |
| ST. PAUL MARINE INSURANCE CO., | ) |
| | ) |
|   Third-Party Defendant. | ) |

**ENTRY ON MOTIONS FOR SUMMARY JUDGMENT**

This cause is before the Court on the motion for summary judgment filed by Defendant Randy's Auto Sales, LLC ("RAS"). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below. In light of this ruling, the Plaintiff's motion for partial summary judgment as to RAS is **DENIED AS MOOT.**

Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). However, "[a] party who bears the burden of proof on a particular

issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

Facts Viewed in Light Most Favorable to Plaintiff[1]

The relevant facts viewed in the light motion favorable to Plaintiff Larry D. Storie are as follow. In November 2003, a 2004 Western Star truck (hereinafter "the Truck") was involved in an accident in Indiana that resulted in the death of the driver. The Truck was insured by St. Paul Mercury Insurance Company ("St. Paul"), which declared it a total loss and purchased it from its insured. Apparently the Truck had been titled in Tennessee prior to the accident, and St. Paul applied for a Tennessee title in its name after it purchased it. St. Paul did not apply for a salvage title; the reason why and whether that was appropriate under Tennessee law are irrelevant to the issues now before the Court.

The title requested by St. Paul was not issued by Tennessee until March 19, 2004. By that time, the Truck had changed hands several times. Specifically, on January 13, 2004, RAS purchased the Truck from St. Paul. On January 22, 2004, RAS sold the Truck to West Side Auto Parts, Inc., ("West Side") in Owensboro, Kentucky. On February 26, 2004, West Side Auto Parts, Inc., sold the Truck to Duckett Truck Center, Inc., ("Duckett") in Farmington, Missouri. On or about April 13, 2004, St. Paul sent the Tennessee title to RAS; RAS signed it over to West

---

[1]The Court notes that Storie alleges some facts in conjunction with its own motion for summary judgment that contradict the facts set forth herein, *e.g.* some of the dates that various sales occurred. However, Storie did not dispute any of these facts in its response to RAS's motion for summary judgment, and RAS provided documents to support them.

Side, which, in turn, signed it over to Duckett. After performing repairs on the Truck, Duckett sold it to Storie in June 2004, signing the same Tennessee title over to Store.

Storie alleges that Duckett failed to tell him that the Truck had been involved in a serious accident; however, that claim is not before this Court.[2] Rather, in this case Storie asserts a cause of action against RAS pursuant to Ind. Code 9-22-3-36, which provides:

> A person aggrieved by a violation of this chapter may recover the actual damages sustained, together with costs and reasonable attorney's fees. In the court's discretion the court may increase the award of damages to:
>
> > (1) an amount not to exceed three (3) times the actual damages sustained; or
> >
> > (2) two thousand five hundred dollars ($2,500);
>
> whichever is greater.

The statutory violation alleged by Storie is a violation of Ind. Code 9-22-3-11(d) (2004)[3] which provided:

> Any other person acquiring a wrecked or damaged motor vehicle, motorcycle, semitrailer, or recreational vehicle that meets at least one (1) of the criteria set forth in section 3 of this chapter, which acquisition is not evidenced by a certificate of salvage title, shall apply to the bureau within thirty-one (31) days after receipt of the certificate of title for a certificate of salvage title.

Storie also asserts a fraud claim against RAS which also is premised on its breach of the duty to obtain a salvage title pursuant to 9-22-3-11(d).

The issue before this Court, therefore, is whether RAS in fact had a duty under Indiana

---

[2]That claim was the subject of a claim brought by Storie against Duckett in the Eastern District of Missouri. Inexplicably, RAS asks this Court to take judicial notice of the fact that Storie has settled that claim and other related claims, as well as of the dollar amounts of those settlements. That information is completely irrelevant to the instant motion and Storie is correct when it asserts that it was improper for RAS to include it in its briefs.

[3]In 2006, non-substantive changes were made to this statute.

law to obtain a salvage title for the Truck.  The Court will assume that the Truck was a "wrecked or damaged motor vehicle, motorcycle, semitrailer, or recreational vehicle that [met] at least one (1) of the criteria set forth in [Ind. Code 9-22-3-3]" when RAS acquired it.  If so, the statute required RAS to "apply to the bureau within thirty-one (31) days after receipt of the certificate of title for a certificate of salvage title."

In this case, RAS was no longer the owner of the Truck when it received the certificate of title from St. Paul; indeed, it was not longer the owner of the Truck on March 19, 2004, when Tennessee issued the title to St. Paul.  Therefore, RAS's obligation to apply for a salvage title pursuant to Ind. Code 9-22-3-11(d) was never triggered, and therefore could not have been violated.  Indeed, it would have been impossible for RAS to obtain a salvage title for the Truck without first receiving the title from St. Paul, because a copy of the original title must be surrendered in order to obtain a salvage title.  *See* Ind. Code 9-22-3-4.  By the time it received the title from St. Paul, it no longer owned the Truck, and therefore could not have obtained any Indiana title for it. *See Madrid v. Bloomington Auto Co., Inc.*, 782 N.E.2d 386, 395 (Ind. App. 2003) (holding that under Indiana law legal ownership of a vehicle is governed by the UCC and is unrelated to whether certificate of title has been delivered) (citing Ind. Code 26-1-2-401 ("Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods . . . even though a document of title it to be delivered at a different time or place.")).  Accordingly, Storie's claims against RAS fail as a matter of law, and RAS's motion for summary judgment is **GRANTED**.[4]

---

[4]The Court recognizes the policy arguments made by Storie in his briefs and acknowledges that this holding is not necessarily consistent with the presumed purpose of the

Conclusion

This ruling resolves all of the claims between RAS and Storie in this case in RAS's favor. However, still outstanding is RAS's third-party complaint against St. Paul. The Court believes that claim is now moot, inasmuch as it seeks relief only in the event that RAS is held liable to Storie. **By February 17, 2009,** RAS shall either dismiss its third-party complaint against St. Paul or, if it believes dismissal is inappropriate, file a notice setting forth its intentions with regard to that claim. Pursuant to Federal Rule of Civil Procedure 54(b), the Court will not enter final judgment in this case until the third-party complaint is dismissed or otherwise resolved.

SO ORDERED: 02/06/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Jonathan E. Palmer
JONATHAN E. PALMER
jpalmerlaw@comcast.net

Larry F. Whitham
WHITHAM HEBENSTREIT & ZUBEK LLP
lfw@whzlaw.com

Mitchell B. Stoddard
CONSUMER LAW ADVOCATES
mbs@clalaw.com

---

salvage title requirement, which is to protect consumers against the risks associated with purchasing previously wrecked vehicles without knowledge of their history. However, this Court cannot impose a statutory duty where none exists. The Indiana legislature certainly could close this apparent loophole and prohibit dealers from selling vehicles such as the Truck prior to the issuance of a salvage title, but it has not done so (or, if it has, the Court has not been informed of the relevant statutory provision).